Timothy S. Laffredi, Assistant United States Trustee
State Bar No.: WI 1055133
Edward M. McDonald Jr., Attorney
State Bar # NY 4126009
*edward.m.mcdonald@usdoj.gov*
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 234
Fax: (702) 388-6658
**Attorneys for the United States Trustee for Region 17**
           **TRACY HOPE DAVIS**

E-Filed:  August 2, 2019

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**RICHARD ALAN PIERCE,**<br><br>                    Debtor. | CASE NO: BK-**S**-19-14144-BTB<br>Chapter 11<br><br>Date:  August 30, 2019<br>Time:  10:00 a.m.<br>Location:  Foley Courtroom #4 |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS OR CONVERT CHAPTER 11 CASE AND RESERVATION OF RIGHTS**

To the Honorable BRUCE T. BEESLEY, Chief United States Bankruptcy Judge**:**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and through undersigned counsel, hereby brings the *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case and Reservation of Rights* (the "Motion").  The United States Trustee seeks dismissal or, in the alternative, conversion to Chapter 7 of the above-captioned case filed by Richard Alan Pierce ("Debtor") under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

1

Cause exists to dismiss, or, in the alternative, to convert this case under Section 1112(b), because (a) Debtor failed timely to provide information and attend a meeting reasonably requested by the United States Trustee; and, (b) Debtor failed to appear at the Section 341 meeting of creditors.[1]

Accordingly, the United States Trustee requests that the Court enter an order granting the Motion and dismissing this case, or, in the alternative, converting this case to one under Chapter 7.[2]

The Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

BACKGROUND FACTS AND PROCEDURAL POSTURE

*Debtor has filed at least four previous bankruptcy cases*

1. The case docket discloses this is Debtor's fifth bankruptcy case, and second bankruptcy case filed in 2019. Specifically the docket entry provides:

> Notice of Debtor's Prior Filing for debtor RICHARD ALAN PIERCE Case Number **01-52299**, Chapter 13 filed in California Northern Bankruptcy Court on 05/07/2001 , Standard Discharge on 05/15/2003; Case Number **14-54584**, Chapter 13 filed in California Northern Bankruptcy Court on 11/13/2014 , Dismissed for Other Reason on 04/06/2015; Case Number **94-53017**, Chapter 7 filed in California Northern Bankruptcy Court on 05/04/1994 , Dismissed for Other Reason on 06/20/1994; Case Number **19-51050**, Chapter 7 filed in California Northern Bankruptcy Court on 05/24/2019.

---

[1] "Section" refers to section of the Bankruptcy Code unless otherwise noted, and "FRBP" refers to the Federal Rules of Bankruptcy Procedure.

[2] The United States Trustee also requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to Fed. R. Bankr. P. 9017 and Fed. R. Evid. 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor or by Debtor's agents in documents filed in this case, the United States Trustee represents that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

[*See* un-numbered case docket entry dated June 28, 2019, between ECF Nos. 6 & 7 (emphasis added)].

2.    Debtor filed a case under Chapter 7 on May 24, 2019 in San Jose, California, commencing *In re Richard Alan Pierce*, Case No. 19-51050 SLJ 7 (Bankr. N.D. Ca. filed May 24, 2019) (the "2019 San Jose Case"). [*See* Declaration of Robert S. Gordon ("Gordon Declaration")]. Debtor filed the 2019 San Jose Case in proper person. [*See* Gordon Declaration].

3.    The petition in the 2019 San Jose Case was filed with Schedule E/F, but with no other schedules or a statement of financial affairs. [*See* Gordon Declaration]. On May 24, 2019, Debtor also filed a creditors matrix containing one entity. [*See* Gordon Declaration].

4.    The Bankruptcy Clerk for the Northern District of California filed an order to requiring Debtor to file required documents and notice of automatic dismissal. [*See* Gordon Declaration].

5.    Debtor failed to respond to the Clerk's order to file required documents and notice of automatic dismissal. [*See* Gordon Declaration].

6.    On June 19, 2019, the 2019 San Jose Case was dismissed because the Debtor failed to comply with the order to file required documents and notice of automatic dismissal. [*See* Gordon Declaration].

### *Debtor's present bankruptcy case*

7.    Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on June 27, 2019. [*See* ECF No. 1, pp. 1-7 of 9]. Attached to the petition is a verification of the creditors matrix, and one page creditors matrix, which contains the Debtor,

3

Debtor's proposed counsel, four government agencies and WT Capital Lender Services. [*See* ECF No. 1].

8. On June 27, 2019, Debtor also filed a declaration re: electronic filing, and a certificate of credit counselling. [*See* ECF Nos. 3-4].

9. Debtor has failed to file a "List of Creditors Who Have the 20 largest Unsecured Claims and Are Not Insiders." [*See generally* case docket].

10. Debtor has not filed any schedules, a Chapter 11 means test form, or a statement of financial affairs ("SOFA"). [*See generally* Case Docket].

11. On June 27, 2019, the Bankruptcy Clerk filed a docket entry that provides:

> Set Deficient Filing Deadlines. Incomplete Filings due by 7/11/2019. 20 Largest Unsecured Creditors due by 7/11/2019. Summary of Assets and Liabilities due by 7/11/2019. Schedules A/B-J due by 7/11/2019. Declaration Re: Schedules due by 7/11/2019. Statement of Financial Affairs due by 7/11/2019. Atty Disclosure Statement due by 7/11/2019. Chapter 11 Current Monthly Income Form 122B Due 7/11/2019.

[*See* ECF No. 6].

12. On June 28, 2019, the Bankruptcy Clerk filed a "Notice of Incomplete or Deficient Filing," noting that the Debtor had failed to file, *inter alia*: a declaration about an individual Debtor's schedules; a summary of assets and liabilities for non-individuals; schedules A/B, C, D, E/F, G, H, I and J; a SOFA; a disclosure of attorney compensation pursuant to FRBP 2016; a list of creditors who have the 20 largest unsecured claims; and, a Chapter 11 statement of current monthly income. [*See* ECF No. 7].

13. The Notice of Incomplete or Deficient Filing was served on Debtor at his official address by first class mail on June 30, 2019 and on his proposed counsel by email on June 28, 2019. [*See* ECF No. 9].

4

14. On July 12, 2019, the Debtor filed a two page motion seeking to extend the deadline to file schedules and statements to an unspecified date, which will be heard on August 13, 2019. That motion is not supported by evidence in the form of a declaration. [*See* ECF No. 16; *see generally* case docket].

15. On July 16, 2019, the Debtor filed a two-page motion to continue the automatic stay. A declaration supporting that motion was not filed until the morning of the hearing, after the United State Trustee objected to the motion. [*See* ECF Nos. 20 - 27].

16. On July 1, 2019, the Office of the United States Trustee sent proposed counsel for the Debtor the initial debtor interview ("IDI") checklist and certification and requesting that the Debtor return it along with certain documents no later 12:00 p.m. on July 18, 2019. The IDI was scheduled for July 25, 2019 at 2:30 p.m. [*See* Declaration of Melinda Davis ("Davis Declaration")].

17. To date, the Debtor has failed to produce any of the documents requested by the United States Trustee. [*See* Gordon Declaration; *see* Davis Declaration].

18. Debtor failed to attend the IDI set for July 25, 2019. [*See* Gordon Declaration]. Following this failure to appear, the United States Trustee coordinated with the Debtor and his proposed counsel to reschedule the IDI for July 30, 2019. [*See* Gordon Declaration].

19. To date, the Debtor has still failed to produce the requested IDI documents, and the Debtor did not appear for the rescheduled IDI on July 30, 2019. [*See* Gordon Declaration].

20. The 341 meeting of creditors was set for August 1, 2019 at 10:00 a.m.[3] [*See* ECF No. 5].

---

[3] The United States Trustee reserves her right to supplement this motion or to bring additional motions to convert or dismiss if additional "causes" arise.

5

21. Debtor failed to appear at the Section 341 meeting of creditors on August 1, 2019 at 10:00 a.m. [*See* Declaration of Anabel Abad Santos ("Abad Santos Declaration")].

22. At the request of the Debtor's attorney, the Section 341 meeting of creditors was adjourned until August 1, 2019 at 1:00 p.m. [*See* ECF No. 30].

23. Debtor failed to appear at the Section 341 meeting of creditors on August 1, 2019 at 1:00 p.m. [*See* Abad Santos Declaration].

24. The Section 341 meeting of creditors was adjourned until September 5, 2019. [*See* ECF No. 31].

25. No Chapter 11 trustee or official committee of unsecured creditors has been appointed in this case. [*See generally* case docket].

## JURISDICTION AND VENUE

26. The Bankruptcy Court has original and exclusive jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Court also has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Sections 1112(b) and (e) constitutes a civil proceeding arising under the Bankruptcy Code.

27. Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The filing of a motion pursuant to Fed. R. Bankr. P. 1017(f)(1) initiates a contested matter governed by Fed. R. Bankr. P. 9014.

28. Venue of Debtor's bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

29. The United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and Fed. R. Bankr. P. 1017 and 9014. *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir.

2000).   The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

ARGUMENT

**I.    *Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) to Dismiss or Convert This Bankruptcy Case.***

30.    11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

31.    Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001).   The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id.*

32.    As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists.  *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted).   Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992).   And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal or conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal

or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

      A.      **Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(H) because Debtor Failed to attend the IDI or Provide the IDI Documents Reasonably Requested by the United States Trustee.**

33. "Cause" under 11 U.S.C. §1112(b)(4)(H) states that a case shall be converted or dismissed if a debtor fails to failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any). *See* 11 U.S.C. §§ 1112(b)(1) and (b)(4)(H).

34. The IDI Documents requested of the Debtor are the standard IDI documents requested of debtors in this type of Chapter 11 case. [*See* Gordon Declaration]. The notice provided to the Debtor of the IDI Document production deadline and of the IDI meeting were the standard amount of time provide to Chapter 11 debtors by the Office of the United States Trustee. [*See* Gordon Declaration]. Accordingly, both the request for the IDI Document production and the IDI meeting were reasonable.

35. The Debtor failed to produce the IDI documents by the extended deadline of July 30, 2019. [*See* Gordon Declaration].

36. Debtor failed to appear at the rescheduled IDI on July 30, 2019. [*See* Gordon Declaration].

37. Because the Debtor failed to respond to these reasonable requests for information and a meeting, the Court should grant the relief requested in the Motion, there is cause to dismiss, or, in the alternative, to convert this bankruptcy case, and the Court should enter an order dismissing this case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(H).

    **B.**    **Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(G) because Debtor Failed to Attend the Meeting of Creditors on January 11, 2018 and January 25, 2018.**

38.    "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) as follows:

39.    For purposes of this subsection, the term 'cause' includes—

. . . .

> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

11 U.S.C. §§ 1112(b)(1) & (b)(4)(G).

40.    The Debtor failed to appear at the 341 meeting of creditors on August 1, 2019 at 10:00 a.m. [*See* Abad Santos Declaration].

41.    At the request of Debtor's counsel, that meeting was continued to later in the day on August 1, 2091, at 1:00 p.m. [*See* Abad Santos Declaration].

42.    The Debtor failed to appear at the continued 341 meeting of creditors on August 1, 2019 at 1:00 p.m. [*See* Abad Santos Declaration].

43.    The Debtor has failed to show good cause for failure to attend the 341 meeting of creditors. [*See* Case Docket].

44.    Accordingly, there is cause to dismiss, or, in the alternative, to convert this bankruptcy case, and the Court should enter an order dismissing the case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(G).

9

    **C.**    *Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).*

45.    Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *Sanders v. United States Trustee (In re Sanders)*, 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013). The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the Debtor bears the burden of proving unusual circumstances are present in the case that render dismissal or conversion is not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

46.    In addition to establishing unusual circumstances, the Debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)

10

> (I) for which there exists a reasonable justification for the act or omission; *and*
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

47. Importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *See In re Om Shivai, Inc*. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

48. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

49. In deciding on whether dismissal or conversion of a chapter 11 case to a case under chapter 7 is in the best interests of a debtor's creditors and bankruptcy estate, courts generally look to and apply a series of factors in determining which form of relief under Section 1112(b)(1) is appropriate once cause for relief has been established:

> (1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
>
> (2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
>
> (3) Whether the debtor would simply file a further case upon dismissal.
>
> (4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
>
> (5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
>
> (6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under §1112(b)(1)).

50.    Dismissal of this case pursuant to Section 1112(b) appears to be the more appropriate remedy given that the Debtor has not filed any schedules or statements and it is unclear what if any assets that are for a Chapter 7 trustee to administer.  In the alternative, the United States Trustee does not object to the Court converting this case to one under Chapter 7 if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) dismissing this case, or, in the alternative, converting this case to one under Chapter 7; and (c) granting such other relief as is just under the circumstances.

Dated: August 2, 2019        Tracy Hope Davis
                             United States Trustee, Region 17
                             By:  /s/ Edward M. McDonald Jr.
                                Edward M. McDonald Jr.
                                Trial Attorney

# EXHIBIT A

# PROPOSED FORM OF ORDER

Timothy S. Laffredi, Assistant United States Trustee
State Bar No.: WI 1055133
Edward M. McDonald Jr., Attorney
State Bar # NY 4126009
*edward.m.mcdonald@usdoj.gov*
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 234
Fax: (702) 388-6658
**Attorneys for the United States Trustee for Region 17**
       **TRACY HOPE DAVIS**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**RICHARD ALAN PIERCE,**<br><br>       Debtor. | CASE NO: BK-**S-19-14144-BTB**<br>Chapter 11<br><br>Date:  August 30, 2019<br>Time:  10:00 a.m.<br>Location:  Foley Courtroom #4 |

**ORDER DISMISSING CASE**

Based on the *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case and Reservation of Rights* (the "Motion"), the hearing held on August 30, 2019 (appearances noted on the record), the Court having stated on the record its findings of fact and

conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

  **IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and,

  **IT IS FURTHER ORDERED** that this case is **DISMISSED**.

  **IT IS SO ORDERED.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ Edward M. McDonald Jr.
  Edward M. McDonald Jr., Esq.
  United States Department of Justice
  Attorney for the United States Trustee

RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE/DISAPPROVE | |
|---|---|
| _____<br>COREY B. BECK, ESQ.<br>425 SOUTH 6TH STREET<br>LAS VEGAS, NV 89101<br><br>*Counsel for the Debtor* | |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

By: */s/ Edward M. McDonald Jr.*
　　Edward M. McDonald Jr., Esq.
　　United States Department of Justice
　　Attorney for the United States Trustee